GreeN, Judge,
delivered the opinion of the court:
The plaintiff entered into a contract with the defendant to furnish a certain quantity of coal in accordance with a bid which it had made which specified the ash content of the coal to be 9 per cent. Other specifications that accompanied the bid and which became a part of the contract provided that if the ash content exceeded by more than 2 per cent the amount specified in the bid a deduction would be made in payment for the coal in accordance with a certain formula which need not be set out here. Plaintiff furnished the coal but the ash content was found to be over 12 per cent. The defendant elected to receive and use the coal but in making payment deducted $4,193.19. The amount of this deduction was computed in accordance with the provisions with reference to ash content.
Plaintiff brings this suit to recover the amount deducted and contends—
(1) That the defendant suffered no damage;
(2) That the United States was put on notice that an error had been made in the bid;
(3) That the deviation in the ash content — 9 to 12.5 per cent — was so slight as to amount to a compliance with the specifications.
These contentions are without merit. It is a matter of common knowledge that the greater the ash content the *570 less valuable the coal. Moreover, the contract contained, as stated above, a specific provision that a deduction should be made for ash content exceeding a certain amount. We can not disregard this provision and say that it was immaterial.
As to the last contention, it appears that plaintiff was at first awarded the contract with a different provision with reference to the mines from which the coal was to be obtained than specified in the bid but was notified that the provision with reference to excess ash would be enforced. The plaintiff could then have declined to proceed further. It did not do so, but after some controversy with defendant’s officials executed a contract which included the specifications in the bid with reference to the ash content and was in accordance with the bid as to the mines. Plaintiff subsequently got a reduction in the price from the mines on the ground that the Government was going to make the deduction in controversy. We do not think the fact that plaintiff told the defendant’s officials an error had been made in the bid would in any event make any difference in the validity of the contract which the plaintiff saw fit to execute afterwards, but the circumstances we have related above show that the plaintiff was treated fairly and has no grounds, either legal or equitable, for relief.
Judgment will be entered dismissing the petition.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.